■ ISRAEL & COMPANY, Respondent, v. ALBERT BRADICK et al., Appellants. ALBERT BRADICK, Individually and as Agent of JENNIE BRADICK, Appellant, v. ISRAEL & COMPANY, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Concur — Peck, P. J., Rabin, McNally and Bergan, JJ.

■ JOHN SANDS, Appellant, v. HERBERT MUELLER, Respondent. — In a recent case (*Lee* v. *Lehrer,* 3 A D 2d 702), we held that a Justice presiding in the pretrial part of the court has the power to revoke a preference previously granted, provided however that there be placed in the record a statement by the Justice setting forth the facts and his reasons for so doing. The required statement is here lacking, but apart from that we do not think on the facts shown the preference should have been revoked. The record shows a claim by plaintiff of serious injuries, confinement to a hospital on three different occasions for a total of 40 days, and substantial medical and hospital expenses, as well as loss of earnings. If plaintiff is entitled to recover on the basis of these claims, it cannot be said that the case does not belong in this court. Of course, plaintiff should not lose his right to a preference merely because he refuses to waive a jury or consent to a settlement which he deems inadequate. Order unanimously reversed, with $20 costs and disbursements to the appellant and the motion granted. Concur — Breitel, J. P., Botein, Rabin, Valente and McNally, JJ.

■ ANGELO PROCARIO, Individually and as Director of 74 & 76 West Tremont Avenue Corporation and University Heights Sanitarium, Respondent, v. 74 & 76 WEST TREMONT AVENUE CORPORATION et al., Respondents, et al., Defendants, and HAROLD GOLDSTEIN et al., Appellants.— The judgment appealed from is unanimously modified to the extent of striking paragraph 10 thereof, which directs payment of $12,019.74 to the estate of Louis B. Jameson, and as so modified, is otherwise affirmed. Conclusion of Law No. 14 is also stricken. Dr. Jameson negotiated and concluded the sale of his stock holdings to Dr. Goldstein and the latter's nominees. Also, in connection with this sale, Dr. Jameson executed a general release to each of the respondent corporations. The issue of the additional payments to Dr. Jameson was never presented upon the trial, and no findings of fact were made in support of such a direction. Under the circumstances, there appears to be no warrant for presenting the estate of Dr. Jameson with something for which he never bargained. The trial court found " a species of unfair dealing" by Dr. Goldstein, and properly directed that he yield up the fruits of such dealings upon being repaid for the cost of the stock in question. Upon this record, there is no basis for requiring any additional payments to the estate of Dr. Jameson. Costs to respondents. Settle order on notice. Concur — Breitel, J. P., Botein, Rabin, Valente and McNally, JJ. [4 Misc 2d 533.] [See *post,* p. 894.]

■ In the Matter of BARBARA B. KELLEY et al., Appellants, against 74 & 76 WEST TREMONT AVENUE CORPORATION et al., Respondents.— Order unanimously affirmed. No opinion. Concur — Breitel, J. P., Botein, Rabin, Valente and McNally, JJ. [4 Misc 2d 533.] [See *post,* p. 894.]

■ In the Matter of the Arbitration between HELLENIC LINES LIMITED, Respondent, and TERMINAL AUXILIAR MARITIMA, S. A., Appellant. — Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Peck, P. J., Breitel, Frank, Valente and McNally, JJ.

■ RITA TAYLOR, Respondent, v. JOHN J. TAYLOR, JR., Appellant. — Order unanimously affirmed, with $20 costs and disbursements to the respondent. Defendant is not prejudiced by the discontinuance, as he is free to raise any question he may wish with respect to or based upon the alleged separation agreement. Concur — Peck, P. J., Breitel, Frank, Valente and McNally, JJ.